**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1890
_____

JOHN M. TOTH,

Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-15-cv-03107)
District Judge:  Honorable Timothy J. Savage
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 4, 2017

Before:  SHWARTZ, KRAUSE and RENDELL, Circuit Judges

(Opinion filed: December 5, 2017)

_____

OPINION[*]
_____

PER CURIAM

John Toth appeals the District Court's order remanding his case to the

Commissioner of Social Security.  For the reasons below, we will affirm the District

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Court's order.

The procedural history of this case and the details of Toth's claims are well known to the parties, set forth in the Magistrate Judge's Report and Recommendation, and need not be discussed at length. Briefly, Toth filed an application for Supplemental Security Income (SSI) benefits with the Social Security Administration (SSA). An Administrative Law Judge (ALJ), Judge Fitzpatrick, concluded that Toth met the disability requirements, but a letter from the SSA subsequently informed Toth that he did not meet the financial eligibility requirements for SSI benefits. The denial was due to his income and because he failed to apply for Social Security retirement benefits for which he was eligible. Toth then filed a "Motion to Enforce the Judgment," which the SSA treated as a motion for reconsideration and denied. Toth appealed the determination within the agency. After holding a hearing, another ALJ, Judge Lyons, upheld the SSA's denial. Toth then filed a complaint in the United States District Court for the Eastern District of Pennsylvania, seeking judicial review of Judge Lyons' decision. He also sought to bring a claim under the Federal Tort Claims Act (FTCA) against the SSA.

A Magistrate Judge recommended that the matter be remanded to the SSA, having concluded that the record lacked substantial evidence to support a determination that Toth was financially ineligible for SSI benefits. While the Magistrate Judge agreed with the SSA that Toth needed to apply for other benefits before he would be eligible for SSI, he determined that Toth was not given the prerequisite notice of his eligibility for retirement

benefits until 2013.[1] The Magistrate Judge also recommended that Toth's claims under the FTCA be dismissed. Toth filed objections. The District Court overruled Toth's objections, adopted the Report and Recommendation, and remanded the matter to the Commissioner of Social Security for further review. Toth filed a timely notice of appeal.

The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g), and we have jurisdiction under 28 U.S.C. § 1291. Our review of questions of law is plenary. Sanfilippo v. Barnhart, 325 F.3d 391, 393 (3d Cir. 2003).

Toth argues that the District Court failed to consider relevant, material, and crucial facts regarding the treatment of his "Motion to Enforce the Judgment." He notes that after the SSA denied his application for benefits based on non-disability grounds, he mailed his "Motion to Enforce the Judgment" to ALJ Fitzpatrick. Toth appears to believe that the SSA must have opened and redirected his mail to ALJ Fitzpatrick, since the SSA treated the filing as a motion for reconsideration and denied it. The SSA purportedly did this to reopen ALJ Fitzpatrick's "final decision" that Toth was eligible for benefits. However, because Toth's "Motion to Enforce the Judgment" challenged the SSA's denial of his application for SSI, the SSA logically treated it as a motion for reconsideration. Toth was not prejudiced by the SSA's recharacterization of his motion.

Moreover, there was no "judgment" for ALJ Fitzpatrick to "enforce." Judge Fitzpatrick's determination that Toth was disabled has not been challenged or reopened, although his decision did not entitle Toth to SSI benefits. Indeed, Judge Fitzpatrick noted

---

[1] As discussed below, before being eligible for SSI, a claimant must apply for other benefits if the SSA gives him notice he is likely eligible. 42 U.S.C. § 1382(e)(2).

in a letter to Toth that "[a]nother office will process my decision and decide if you meet the non-disability requirements for [SSI] payments." A.R. at 19. The determination that Toth met the *disability* requirements for SSI benefits did not exempt him from needing to meet any other requirements. See 42 U.S.C. § 1381a (disabled individuals who are determined to be *financially eligible* are to be paid benefits).

Toth also challenges the SSA's determination that he was ineligible for SSI benefits because he did not file for retirement benefits for which he was eligible. He contends that he had a personal right to his retirement benefits and could choose to retire when he wanted to. It appears that Toth did not want to file for his retirement benefits before his full retirement age, in order to maximize his benefits. However, the SSA's ruling was correct. If the SSA gives a claimant notice that he is likely eligible for certain other benefits (specified by statute and regulation), the claimant must apply for those benefits before being eligible for SSI. 42 U.S.C. § 1382(e)(2) (referencing benefits described in 42 U.S.C. § 1382a(b)); 20 C.F.R. § 416.210. Moreover, Toth has no personal right to the Social Security retirement benefits. Under 42 U.S.C. § 1304, Congress reserves "[t]he right to alter, amend, or repeal" the laws regarding these benefits. See also United States R.R. Ret. Bd. v. Fritz, 449 U.S. 166, 174 (1980) (no contractual right to social security benefits).

Finally, Toth argues that the SSA's actions caused him injuries that are compensable under the FTCA. However, Toth may not bring an FTCA claim based on a denial of benefits. See 42 U.S.C. 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought

4

under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."); see also Schweiker v. Chilicky, 487 U.S. 412, 424 (1988) (no cause of action for money damages for unconstitutional conduct that leads to the wrongful denial of benefits).

For the above reasons, we will affirm the District Court's judgment.